UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES KIRKLAND,

        Plaintiff,

                              CASE NO.:

vs.

SOUTHCARE, LLC,
CREMATION SOCIETY OF
THE SOUTH, LLC, AND
DANIEL THOMPSON,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHARLES KIRKLAND, by and through the undersigned attorney, sues the Defendants, SOUTHCARE, LLC, CREMATION SOCIETY OF THE SOUTH, LLC, and DANIEL THOMPSON, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff worked for Defendants from approximately 2000 to mid 2016.

1

3. Plaintiff worked for Defendants performing "community affairs" duties.

4. Defendants paid Plaintiff a salary plus extra pay called "AFTHRS" pay for his job duties performed.

5. Plaintiff worked for Defendants in Cobb County, Georgia, among other locations.

6. Defendant, SOUTHCARE, LLC, operates and conducts business in, among other locations, Cobb County, Georgia and is therefore, within the jurisdiction of this Court.

7. Defendant, CREMATION SOCIETY OF THE SOUTH, LLC, operates and conducts business in, among other locations, Cobb County, Georgia and is therefore, within the jurisdiction of this Court.

8. At all times relevant to this action, DANIEL THOMPSON was an individual resident of the State of Georgia, who partly owned and operated SOUTHCARE, LLC and CREMATION SOCIETY OF THE SOUTH, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of SOUTHCARE, LLC and CREMATION SOCIETY OF THE SOUTH, LLC. By virtue of having regularly exercised that authority on behalf of SOUTHCARE, LLC and CREMATION SOCIETY OF THE SOUTH, LLC,

DANIEL THOMPSON is an employer as defined by 29 U.S.C. § 201, et seq.

9. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

11. During Plaintiff's employment with Defendants, Defendants, SOUTHCARE, LLC and CREMATION SOCIETY OF THE SOUTH, LLC, earned more than $500,000.00 per year in gross sales.

12. During Plaintiff's employment with Defendants, Defendants, SOUTHCARE, LLC and CREMATION SOCIETY OF THE SOUTH, LLC, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

13. Included in such goods, materials and supplies were telephones, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

14. Therefore, Defendants, SOUTHCARE, LLC and CREMATION SOCIETY OF THE SOUTH, LLC, are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

15. At all times relevant to this action, Defendants failed to comply with the FLSA by misclassifying Plaintiff as an exempt employee and by failing to pay him overtime compensation for overtime hours worked.

16. During his employment with Defendants, Plaintiff was paid by a salary plus flat extra pay called "AFTHRS" pay.

17. Plaintiff would receive this "AFTHRS" pay when he was on call and received phone calls in the middle of the night or on weekend evenings and would have to go perform a death transport to transport a recently deceased individual to a funeral home, crematory, or other location.

18. If Plaintiff worked overtime hours, he was not paid any additional overtime compensation by Defendants.

19. Defendants classified Plaintiff as an exempt employee.

20. However, Plaintiff is not an exempt employee because Plaintiff's primary job duties were not sales, Plaintiff did not supervise two or more employees, plaintiff was not involved in hiring/firing of employees, and Plaintiff did not work on the administrative side of the business.

21. As such, Defendants have misclassified Plaintiff as an exempt employee under the FLSA and should have paid him overtime compensation for his overtime hours worked.

22. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

24. Plaintiff was entitled to be paid overtime compensation for his overtime hours worked.

25. During his employment with Defendants, Plaintiff was misclassified as an exempt employee and was improperly not paid any overtime compensation for his overtime hours worked. *See* ¶¶ 15-21.

26. Defendants did not have a good faith basis for their decision to classify Plaintiff as an exempt employee.

27. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

28. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

29. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CHARLES KIRKLAND, demands judgment

against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 16th day of February, 2017.

/s/ C. Ryan Morgan
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*