## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is entered into by and between Charles Kirkland ("Kirkland") and SouthCare, LLC ("SouthCare"), Cremation Society of the South, LLC, and Daniel Thompson (collectively referred to as "Releasees") on their own behalf and on behalf of their respective past and present parent companies, subsidiaries and affiliates, and their respective past and present heirs, owners, shareholders, predecessors, successors, assigns, partners, representatives, officers, directors, agents, employees, and insurers (Kirkland, SouthCare, Cremation Society of the South and Thompson are collectively referred to herein as the " Parties").

WHEREAS, Kirkland was previously employed by SouthCare;

WHEREAS, on February 16, 2017, Kirkland filed a lawsuit styled *Charles Kirkland v.SouthCare, LLC, Cremation Society of the South, LLC, and Daniel Thompson,* United States District Court for the Northern District of Georgia, Atlanta Division, and bears Civil Action File No.1:17cv00612-TCB (the "Action") asserting claims for overtime wages under the Fair Labor Standards Act.  Kirkland represents that no other charges, actions or claims are pending on Kirkland's behalf, other than those set forth in this paragraph; SouthCare contends that Kirkland was an exempt employee and not subject to overtime wages, is not owed any overtime wages and denies that it owes Kirkland any alleged unpaid overtime wages or any other amount Kirkland is claiming.

WHEREAS, Releasees deny all claims asserted in the Action by Kirkland, including each of his claims asserted in the Action and deny that Kirkland is entitled to any relieve whatsoever;

WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, and without admission or finding of liability or wrongdoing on the part of Releasees– such being expressly denied by Releasees– the Parties desire fully and finally to resolve the Action, all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes, that have been made or could have been made by or on behalf of Kirkland against Releasees relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed; and

WHEREAS, the Parties recognize that a bona fide dispute existed as to liability, if any, for attorneys' fees, expenses and costs and that this Agreement represents a bona fide compromise of all claims by Kirkland for attorneys' fees, expenses and costs, which was negotiated at arms-length by counsel for the parties.

NOW, THEREFORE, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

1. **Non-Admission**.  This Agreement and compliance with this Agreement shall not be construed as an admission by SouthCare, Cremation Society of the South or



Daniel Thompson of any liability whatsoever, or as an admission by SouthCare, Cremation Society of the South or Daniel Thompson of any violation of the rights of any person or entity, violation of any order, law, statute, duty, or contract whatsoever against any person or entity. SouthCare, Cremation Society of the South, and Daniel Thompson specifically disclaim any liability to Kirkland or any other person for any alleged violation of the rights of Kirkland or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of Releasees, or by any of Releasee's employees or agents.

2. **Proper Defendant**. The Parties agree that SouthCare was Kirkland's employer and is the proper defendant in this matter.

3. **No Other Claim for Wages**. Upon receipt of the proceeds specified in this Agreement, Kirkland agrees that he has been fully paid for all hours worked for SouthCare and that he does not have any claims for wages, overtime, liquidated damages, attorneys' fees or any other claims against SouthCare or any other released parties.

4. **Dismissal of Action with Prejudice**. In exchange for the consideration described in Paragraph 5 herein-below, Kirkland agrees to take all action necessary to withdraw or otherwise dismiss with prejudice any and all claims currently pending against Releasees. Kirkland further agrees to cooperate in obtaining court approval of this settlement and Kirkland agrees to dismiss with prejudice the above-referenced Lawsuit. The Parties will cooperate in the filing of a joint motion for approval of the settlement within five (5) business days of the date of the execution of this Agreement.

5. **Settlement Consideration**.

   a. Payment to Kirkland: Within the time and in the manner specified in subparagraph (b) below, Releasees will pay to Kirkland the gross amount of Sixteen Thousand and 00/100 Dollars ($16,000)(the "Settlement Proceeds") representing payment of all claimed damages to Kirkland, and made payable as follows:

      (1) Wage and Non-Wage Income. A check in the amount of Eight Thousand and 00/100 Dollars ($8,000.00) made payable to Charles Kirkland from which no withholdings will be made and for which SouthCare will issue an IRS Form 1099 to Kirkland designating this payment as "other income"; a check in the amount of Eight Thousand and 00/100 Dollars ($8,000) made payable to Charles Kirkland from which statutory tax withholdings will be made and for which SouthCare will issue a W-2 to Kirkland designating this payment as wages.

      (2) Attorneys' Fees and Expenses. A check in the amount of Fourteen Thousand and 00/100 Dollars ($14,000) made payable to Morgan &

    Morgan, P.A. for Kirkland's attorneys' fees and expenses for which a 1099 will be issued to both Kirkland and his attorneys, Morgan & Morgan, P.A.

  b. **Timing and Manner of Payment and Conditions Precedent:** The checks making payment under this Agreement to Kirkland and his counsel (the "Settlement Checks") will be forwarded to Kirkland's counsel, Morgan & Morgan, P.A., within five (5) days after the U.S. District Court enters an Order approving this settlement and dismissing the Lawsuit with Prejudice.

6. **Release by Kirkland**.

  a. **Claims Released by Kirkland.** Kirkland irrevocably and unconditionally releases all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes that have been made or could have been made by or on behalf of Kirkland against SouthCare, Cremation Society of the South, or Daniel Thompson or any of the Released Parties listed in Paragraph 6(b) relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. ("Released Claims"). However, Kirkland is not releasing any claim that relates to: (1) the right to enforce this Agreement, (2) any rights or claims that arise after signing this Agreement, and (3) any rights or claims that cannot lawfully be released.

  b. **Released Parties.** The "Released Parties" are SouthCare, LLC, Cremation Society of the South, and Daniel Thompson, and all of their predecessors, successors, current, future and former parent companies, subsidiaries, affiliates, related companies, partnerships, investors, or joint ventures, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, plans, trustees, and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subparagraph, and their successors. Any individual person or entity included in the Released Parties shall be referred to individually as a "Released Party."

  c. **Unknown Claims.** Kirkland understands that he is releasing the Released Parties from Released Claims that he may not know about. That is his <u>knowing and voluntary intent</u>, even though he recognizes that someday he might learn that some or all of the facts he currently believes to be true are untrue. Nevertheless, Kirkland is assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Kirkland expressly waives all rights he might have under any law that is

        intended to protect him from waiving unknown claims. Kirkland understands the significance of doing so.

        d.    **Ownership of Claims**. Kirkland agrees that he has not assigned or transferred any Released Claim, nor has he attempted to do so. He expressly represents and warrants that he has the full legal authority to enter into this Agreement for himself, and does not require the approval of anyone else.

7. **Pursuit of Released Claims**. Other than the Action, Kirkland represents and warrants that he has not filed or caused to be filed any demand for arbitration, lawsuit, complaint, or charge with respect to any Released Claims, and promises never to file or prosecute any demand for arbitration, lawsuit, or complaint based on any such claim. Kirkland understands that while he is not precluded from filing a charge with an administrative agency, he promises never to seek any damages, remedies, or other relief for himself personally (any right to which he hereby waives) by filing or prosecuting a charge with any administrative agency with respect to any such claim. To the extent that Kirkland is awarded any form of monetary relief in subsequent proceedings against any Released Parties based on claims released herein, Kirkland hereby assigns all such relief to SouthCare.

8. **No Future Employment**. Kirkland agrees and recognizes that his employment relationship with SouthCare has forever ended. Kirkland hereby understands and agrees that he will not be re-employed by SouthCare or its subsidiaries, divisions and affiliates in the future and that he will never knowingly apply to SouthCare or its subsidiaries, divisions and affiliates for any job or position in the future. Kirkland agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with SouthCare, its subsidiaries, divisions or affiliates, the offer may be withdrawn and he may be terminated without notice, cause, or legal recourse.

9. **Non-Disparagement**. Kirkland agrees that he will not criticize, denigrate, or disparage any of the Released Parties in any comments or statements he may make at any time after the execution of this Agreement. Likewise, the Released Parties agree that they will not criticize, denigrate, or disparage Kirkland in any comments or statements they may make at any time after the execution of this Agreement.

10. **Neutral Reference**. If any prospective employer of Kirkland contacts SouthCare or Daniel Thompson regarding Kirkland, SouthCare and Daniel Thompson shall give a neutral reference, only indicating Kirkland's dates of employment, position, and if required, rates of pay.

11. **Not a Prevailing Party**. Kirkland shall not be considered a prevailing party for any purpose.

12. **Confidentiality and Non-Disclosure.** Except as necessary to obtain court approval of this Agreement, as discussed above, neither Kirkland nor the Released Parties will disclose the terms or amount of this settlement or this Agreement to anyone other than their attorneys or other confidential professional advisors and, even as to such persons, only if they agree to honor this confidentiality provision. In the event anyone inquires about the claims or the underlying allegations that led up to the settlement evidenced by this Agreement, Kirkland and the Released Parties may communicate only that "the matter has been resolved" or may make similarly limited statements. This subsection does not prohibit disclosures to the extent necessary to legally enforce this Agreement or to the extent required by law or for accounting, tax, financial reporting or governmental compliance purposes.

13. **Payment of Applicable Taxes**. Kirkland is and shall be solely responsible for all federal, state and local taxes that may be owed by Kirkland by virtue of the receipt of the monetary payment provided under this Agreement. SouthCare is solely responsible for the employer's share of any required taxes. Kirkland agrees to indemnify and hold SouthCare harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Kirkland under this Agreement unless such liability is caused by a wrongful action or inaction of SouthCare.

14. **Acknowledgement.** Kirkland acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that Kirkland enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Kirkland further acknowledges and represents that he assumes the risk for any mistake of fact now known or unknown, and that Kirkland understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Kirkland also acknowledges that (a) he has consulted with or had the opportunity to consult with an attorney of his choosing concerning this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or his attorneys' advice. Kirkland acknowledges that he is getting more consideration under this Agreement than he is otherwise entitled. Kirkland further understands and acknowledges that he is only releasing claims that arose prior to the execution of this Agreement.

15. **Implementation**. Kirkland, SouthCare, Cremation Society of the South, and Daniel Thompson agree to sign any documents and do anything else that is or may be necessary in the future to implement this Agreement.

16. **Interpretation**. This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against Kirkland or any

Released Party. Unless the context indicates otherwise, the term "or" shall be deemed to include the term "and" and the singular or plural shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement.

17. **No Waiver by the Parties**. The waiver by the parties of any provision of this Agreement or a breach of any provision of this Agreement by the parties shall not operate or be construed as a further or continuing waiver of any subsequent breach by the parties.

18. **Choice of Law & Choice of Venue**. The parties agree this Agreement will be governed exclusively by Georgia law, and/or federal law, if applicable. The parties further agree that any actions arising under, or to enforce, this Agreement shall be brought exclusively in the United States District Court for the Northern District of Georgia, Atlanta Division, provided that, if the United States District Court for the Northern District of Georgia declines to exercise jurisdiction over such action, such action shall be filed in the Superior Court of Cobb County, in Marietta, Georgia. The parties hereby expressly consent to jurisdiction and venue in Marietta, Georgia and waive any defenses related to jurisdiction or venue.

19. **Counterparts**. This Agreement may be executed in any number of counterparts and by the parties hereto in separate counterparts, with the same effect as if the parties had signed the same document. All such counterparts shall be deemed an original, shall be construed together, shall constitute one and the same instrument, and shall not be publicized in accordance with the terms of Paragraph 7 of this Agreement. This Agreement may be executed with original signature, photocopy signature, fax signature, or electronic signature permitted and accepted.

20. **Breach**. Kirkland acknowledges that if he materially breaches or threatens to materially breach this Agreement, including, but not limited to, Kirkland's obligations in the paragraph pertaining to Non-Disparagement and/or commences a suit or action or complaint in contravention of this release and waiver of claims, the Releasees shall be entitled to all remedies allowed in law or equity. Releasees may seek injunctive relief to enforce the provisions of this Agreement. Likewise, Kirkland shall be entitled to seek injunctive relief to enforce the provisions of this Agreement.

21. **Severability**. Except as otherwise provided in this paragraph, if any provision of this Agreement shall be finally determined to be invalid or unenforceable by a court or arbitrator of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Agreement.

22. **Entire Agreement**. This Agreement contains the entire agreement and understanding between Kirkland and the Releasees with respect to its subject

matter, and this Agreement supersedes all other agreements between Kirkland and the Releasees with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by Kirkland, SouthCare, Cremation Society of the South and Daniel Thompson.

23. **Knowing and Voluntary Waiver**. Kirkland acknowledges and agrees that his waiver of rights under this Agreement is knowing and voluntary. He further acknowledges that he understands the terms of this Agreement; that the payment referred to in this Agreement equals that to which he would otherwise not have been entitled; that the actual payment is in exchange for his release of the claims referenced in this Agreement; that he has consulted with his attorneys prior to executing this Agreement; that he has consulted with his attorneys in connection with his decision to enter into this Agreement, and that he has been represented by counsel throughout his dealings with SouthCare, Cremation Society of the South, LLC and Daniel Thompson concerning this Agreement.

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR.

| AGREED AND ACCEPTED: | AGREED AND ACCEPTED: |
|---|---|
| _CHARLES KIRKLAND_ 6/9/2017 | _____ |
| **CHARLES KIRKLAND** | **DANIEL THOMPSON** |
| Dated: _____ | Dated: _____ |
| | **SOUTHCARE, LLC** |
| | By: _____ |
| | Title: _____ |
| | Dated: _____ |
| | **CREMATION SOCIETY OF THE SOUTH, LLC** |
| | By: _____ |
| | Title: _____ |
| | Dated: _____ |

3326800v.1

matter, and this Agreement supersedes all other agreements between Kirkland and the Releasees with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by Kirkland, SouthCare, Cremation Society of the South and Daniel Thompson.

23. **Knowing and Voluntary Waiver**. Kirkland acknowledges and agrees that his waiver of rights under this Agreement is knowing and voluntary. He further acknowledges that he understands the terms of this Agreement; that the payment referred to in this Agreement equals that to which he would otherwise not have been entitled; that the actual payment is in exchange for his release of the claims referenced in this Agreement; that he has consulted with his attorneys prior to executing this Agreement; that he has consulted with his attorneys in connection with his decision to enter into this Agreement, and that he has been represented by counsel throughout his dealings with SouthCare, Cremation Society of the South, LLC and Daniel Thompson concerning this Agreement.

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR.

**AGREED AND ACCEPTED:**

_____
**CHARLES KIRKLAND**

Dated: _____

**AGREED AND ACCEPTED:**

_[signature]_
**DANIEL THOMPSON**

Dated: 6/8/17

**SOUTHCARE, LLC**

By: _[signature]_

Title: President
Dated: 6/8/17

**CREMATION SOCIETY OF THE SOUTH, LLC**

By: _[signature]_

Title: President
Dated: 6/8/17

3336800v.1